By the Court.—Truax, J.
At the time of the conveyance by Brennan, Bloomingdale road was closed as a public highway by authority of law. He is presumed to *412 have received his deed with knowledge of this fact, and to have paid for the property conveyed to him its value with the road closed. There is no covenant expressed in the deeds to him—and one cannot be implied—that would give him an easement in and right of way over said road, and it cannot be said that the mere mention of the road in describing the property conveyed, was a statement of its actual existence as a road, upon which the grantors are liable for damages.
The third and fourth questions are answered in the negative.
The injury was done at the time Bloomingdale road was declared closed, and then became a personal right to damages. This right belonged to the then owner of the fee, and not to the owner when the award was made. The use of the words ‘‘tenements, hereditaments and appurtenances,” in the conveyances to Brennan did not pass to him the right to these damages (Hatch v. Mayor, 43 Super. Ct. 436).
The first question is answered in the affirmative, the second is answered in the negative.
Judgment is awarded to the plaintiff, for the sum of $7,865, with interest from April 8, 1881, as stipulated.
Sedgwick, Ch. J., and O’Gorman, J., concurred.